```
 1  Kevin S. Asfour (#228993)
    kevin.asfour@klgates.com
 2  K&L GATES LLP
    10100 Santa Monica Blvd., 8th Floor
 3  Los Angeles, CA  90067
    Telephone: +1 310 552 5000
 4  Facsimile: +1 310 552 5001
 5
    Attorney for Defendant
 6  Amazon.com, Inc.
 7
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

| | |
|---|---|
| RUSSELL STEPHEN,<br><br>  Plaintiff,<br><br>  v.<br><br>NUTRA HOLDINGS, INC., NUTRA HOLDINGS TWO, INC., AMAZON, INC., and JOHN WILLIAMS,<br><br>  Defendants. | Case No. **'24CV0546 GPC BLM**<br><br>**DEFENDANT AMAZON.COM, INC.'S NOTICE OF REMOVAL** |

**TO THE HONORABLE COURT AND TO ALL PARTIES BY AND THROUGH THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Amazon.com, Inc. ("Amazon")[1] submits this Notice of Removal and hereby removes this action, captioned *Russell Stephen v. Nutra Holdings, Inc., Nutra Holdings Two, Inc., Amazon, Inc., and John Williams*, Case No. 37-2023-00056505-CU-BT-CTL, from the Superior Court for the State of California, County of San Diego, to the United States District Court for the Southern District of California. In support thereof, Amazon states as follows:

## I. BACKGROUND

1. On December 28, 2023, Plaintiff Russell Stephen ("Plaintiff") filed a Complaint for Violations of the California Unfair Competition Law against Defendant Nutra Holdings, Inc. in the Superior Court for the State of California, County of San Diego ("State Court") captioned *Russell Stephen v. Nutra Holdings, Inc.*, Case No. 37-2023-00056505-CU-BT-CTL ("Original Complaint"). (A true and correct copy of the Original Complaint is attached hereto as **Exhibit A**).

2. The Original Complaint did not name Amazon as a defendant. (*See generally* Ex. A, Original Complaint).

3. On January 31, 2024, Plaintiff filed a "First Amended Complaint for Violations of the California Unfair Competition Law" in the State Court asserting the same claims against original Defendant Nutra Holdings, Inc. and, for the first time, against new defendants Nutra Holdings Two, Inc., John Williams, and Amazon as well ("FAC"). (A true and correct copy of the FAC is attached hereto as **Exhibit B**).

4. Amazon was served with a summons and the FAC on February 21, 2024. (A true and correct copy of the summons and FAC received by Amazon is attached hereto as **Exhibit C**).

---

[1] Plaintiff's First Amended Complaint improperly names Amazon.com, Inc. as "Amazon, Inc."

5. In the FAC, Plaintiff challenges the sale of a dietary supplement named "Androsurge," alleging that the supplement violates the Federal Food, Drug, and Cosmetic Act ("FDCA") and the California Health & Safety Code because: (1) it lacks FDA approval and thus constitutes an "unapproved new drug;" (2) its label and advertising allegedly contain false and misleading representations about its efficacy and thus it is "misbranded;" and (3) its label does not adequately identify the name and place of business of the manufacturer, packer, or distributor. (Ex. B, FAC ¶¶ 62–86). Plaintiff alleges that Defendants Nutra Holdings, Inc., Nutra Holdings Two, Inc., and Williams manufacture, market, distribute, and sell Androsurge, and that Amazon "markets and sells Androsurge" in its Amazon.com store. (*Id.* ¶¶ 3–11, 18–25).

6. On these bases, the FAC asserts two causes of action against Defendants for violations of the unfair and unlawful prongs of the California Unfair Competition Law, Cal. Bus. & Profs. Code § 17200, *et seq*. ("UCL"). (*Id.* ¶¶ 111–124).

7. As set forth in the FAC, Plaintiff seeks the following relief: (1) "[a]n award of restitution of $39;" (2) "[a] temporary restraining order, preliminary injunction, and permanent injunction;" (3) "[a] service award of $4,000 . . . for obtaining an injunction on behalf of the public;" (4) "an order requiring Defendants to conduct a corrective advertising campaign;" (5) "[d]eclaratory relief that the conduct alleged herein is unlawful;" (6) "[p]re-judgment, and post judgment interest;" and (7) "[a]n award of attorney fees and costs." (*Id.* at 18 (Prayer for Relief A–G)). Plaintiff also seeks "an order for the disgorgement and restitution of *all* revenue received by Defendants from the sale of Androsurge." (*Id.* ¶ 95 (emphasis added)).

8. Based on the allegations, claims, and relief requested in Plaintiff's FAC, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. Specifically, diversity jurisdiction exists because this action is between citizens of different states and citizens of a foreign state and

- 3 -

DEFENDANT AMAZON.COM, INC.'S
NOTICE OF REMOVAL

1  the amount in controversy is greater than $75,000, exclusive of interest and costs.
2  Therefore, this action could have originally been filed in this Court and is now
3  properly removed to this Court.

## II. NOTICE OF REMOVAL IS TIMELY.

9. Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

10. Amazon was served with the summons and FAC on February 21, 2024. Amazon's Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

## III. ALL DEFENDANTS CONSENT TO REMOVAL.

11. The undersigned counsel for Defendant Amazon has conferred with counsel for Defendants Nutra Holdings, Inc., Nutra Holdings Two, Inc., and John Williams, and said Defendants have consented to the removal of this action, but said Defendants aver that they have not been properly served in this action. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("[F]iling of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient."); *Manikan v. Pac. Ridge Neighborhood Homeowners Ass'n*, No. 17-CV-00467-BEN-BLM, 2017 WL 2953958, at *2 (S.D. Cal. July 10, 2017) (same).

## IV. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION.

12. Under the provisions of 28 U.S.C. § 1332(a), this Court has original diversity jurisdiction over this case and, therefore, removal to this Court is proper under 28 U.S.C. §§ 1441(b) and 1446.

13. 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . [or] (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties."

14. A defendant seeking to remove an action need only set forth in its notice of removal "a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). A notice of removal, therefore, "need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal quotation marks omitted); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014).

15. As detailed below, this action is properly removed to this Court pursuant to 28 U.S.C. § 1332(a) because: (1) Plaintiff is a citizen of California and Defendants are either citizens of states other than California or citizens of a foreign state, such that complete diversity exists; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. Complete Diversity of Citizenship Exists between the Parties.

16. Complete diversity of citizenship exists between the parties because Plaintiff is a citizen of the State of California and Defendants are citizens of states other than California or citizens of a foreign state. *See* 28 U.S.C. § 1332(a)(1)–(3).

17. Plaintiff is a resident of the State of California. (*See* Ex. B, FAC ¶ 1 (alleging that "Plaintiff is a citizen of California")).

18. Defendant Nutra Holdings, Inc. is a citizen of both a state other than California and a foreign state. Specifically, Plaintiff alleges that Defendant Nutra Holdings, Inc. is "a Delaware corporation headquartered in St. John's, Newfoundland." (*Id.* ¶ 16). Accordingly, as alleged by Plaintiff and upon information and belief, Nutra Holdings, Inc. is a citizen of Delaware and a citizen of the foreign state of Canada. *See* 28 U.S.C § 1332(c)(1) ("a corporation shall be

deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).

19. Defendant Nutra Holdings Two, Inc. is a citizen of both a state other than California and a foreign state. Specifically, Plaintiff alleges that Defendant Nutra Holdings Two, Inc. is "a Delaware corporation headquartered in St. John's, Newfoundland." (Ex. B, FAC ¶ 17). Accordingly, as alleged by Plaintiff and upon information and belief, Nutra Holdings Two, Inc. is a citizen of Delaware and a citizen of the foreign state of Canada. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 93.

20. Defendant Amazon is a citizen of a state other than California. Specifically, Plaintiff correctly alleges that Defendant Amazon is "a Delaware corporation with its principal place of business in Seattle, WA." (Ex. B, FAC ¶ 23). Accordingly, Amazon is a citizen of Delaware and Washington for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 93.

21. Upon information and belief, Defendant John Williams resides and is domiciled in St. John's, Newfoundland, Canada. Accordingly, Mr. Williams is a citizen of a foreign state—Canada. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[A] defendant's allegations of citizenship may be based solely on information and belief.").

22. No defendant is a citizen of California and, thus, removal is not barred by the provisions of 28 U.S.C. § 1441(b)(2).

23. For these reasons, this action involves citizens of different states and citizens of foreign states, such that complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a)(3) (providing for diversity jurisdiction for

matters between "citizens of different States and in which citizens of subjects of a foreign state are additional parties").

### B. The Amount-in-Controversy Requirement is Satisfied.

24. To invoke diversity jurisdiction, the amount placed in controversy by the claims asserted and relief sought must exceed $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

25. Where, as here, the complaint does not state the amount in controversy, a defendant's notice of removal may do so. *See* 28 U.S.C. § 1446(c)(2)(A). In that case, the notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[;]" it need not contain evidentiary proof. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89. A removing defendant may establish the amount in controversy through reliance on "reasonable assumptions." *Arias*, 936 F.3d at 922, 925–26.

26. Here, the amount placed in controversy by the claims asserted and relief sought in the FAC exceeds $75,000.00, exclusive of interests and costs, as follows.

27. First, Plaintiff personally seeks monetary relief in the form of "restitution" and "a service award" which total $4,039.00. (*See* Ex. B, FAC at Prayer for Relief, p. 18).

28. Second, Plaintiff seeks "an order for the disgorgement and restitution of *all* revenue received by Defendants from the sale of Androsurge." (*Id.* ¶ 95 (emphasis added)). Given the four-year statute-of-limitations for claims under the UCL (*see* Cal. Bus. & Prof. Code § 17208), this requested relief, on its face, implicates the total sales of Androsurge for the past four years.

29. In 2023, Nutra Holdings' sales of Androsurge made in the Amazon.com store and shipped to California residents exceeded $135,000.00. Sales similarly exceeded that amount for 2020, 2021, and 2022. Accordingly, Plaintiff's request for disgorgement and restitution of "all revenue received from the sale of Androsurge"

(*id.* ¶ 95) — measured over the past four years — greatly exceeds the $75,000.00 amount-in-controversy requirement.

30. Third, Plaintiff seeks declaratory and injunctive relief that includes a permanent injunction against the allegedly illegal sale of Androsurge, an undefined "corrective advertising campaign," and the destruction of allegedly unlawful products and labels. (*Id.* ¶ 15, 18 (Prayer for Relief)).

31. Where declaratory or injunctive relief is sought, it is "well established" that the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016). The amount in controversy may also include "the cost of complying with an injunction." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

32. With Nutra Holdings' sales of Androsurge in the Amazon.com store exceeding $135,000.00 in each of 2020, 2021, 2022, and 2023, it is reasonable and plausible to estimate that, absent an injunction, sales in 2024, 2025, and beyond would continue that trend. *See Arias*, 936 F.3d at 925 (recognizing that "a removing defendant is permitted to rely on a chain of reasoning that includes assumptions" (internal quotation marks omitted)). As such, Plaintiff's requested injunction prohibiting the sale of Androsurge in California has a value of at least $135,000.00 per year.

33. It is more difficult to definitively forecast the plausible costs of Plaintiff's requested "corrective advertising campaign," but common sense dictates that such a campaign, coupled with the requested destruction of Defendants' existing inventory of Androsurge products, labels, and marketing materials, would itself be reasonably expected to exceed $75,000.00. *See Arias*, 936 F.3d at 925 (permitting the amount in controversy to rest upon reasonable assumptions, including assumptions "founded on the allegations of the complaint").

- 8 -

DEFENDANT AMAZON.COM, INC.'S
NOTICE OF REMOVAL

34.     Finally, Plaintiff also seeks an "award of attorney[s'] fees and costs." (Ex. B, FAC, at 18 (Prayer for Relief)).  Where attorneys' fees are recoverable by a plaintiff, the fee claim is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).  Although not specifically pled, Plaintiff appears to seek attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, which permits a court to award attorneys' fees to a party who successfully enforces an important right affecting the public benefit in certain circumstances.  The Ninth Circuit has held that "'a court must include future attorneys' fees recoverable by statute . . . when assessing whether the amount-in-controversy requirement is met.'"  *Arias*, 936 F.3d at 927 (quoting *Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018)).

35.     In or around February 2022, Plaintiff's counsel, Gregory S. Weston, submitted a request for attorneys' fees in connection with the settlement of a class action in this District, in which he identified his hourly rate as $650.[2]  At that rate, Plaintiff's counsel would incur $75,000.00 in fees with only 115 hours of work, which would be easily surpassed in the early stages of this litigation, given the complexity of the issues involved and the anticipated pleadings-stage motion practice.

36.     In short, considering the nature of Plaintiff's requests for disgorgement, restitution, injunctive relief, and attorneys' fees and costs, the value of such relief plainly satisfies the amount-in-controversy requirement of $75,000.00.

## V.     VENUE IS PROPER.

37.     The United States District Court for the Southern District of California is the federal district court encompassing the Superior Court for the State of

---

[2] *See Hawkins v. Kroger Co.*, No. 15-cv-2320 JM (AHG), 2022 WL 345639, at *9 (S.D. Cal. Feb. 4, 2022) (identifying Mr. Weston's requested hourly billable rate of $650).

1  California, County of San Diego, which is where the suit was originally filed and is currently pending. *See* 28 U.S.C. § 84(d).

38. This Court is therefore the proper venue for removal of this action. *See* 28 U.S.C. § 1441(a) (authorizing removal "to the district court of the United States for the district and division embracing the place where such action is pending").

## VI.  PROCEDURAL COMPLIANCE – NOTICE OF REMOVAL TO PLAINTIFF AND THE STATE COURT.

39. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days of service on Amazon of a copy of the summons and FAC on February 21, 2024.

40. No previous application has been made for the relief requested herein.

41. Pursuant to 28 U.S.C. § 1446(a), Amazon has attached hereto copies of all process, pleadings, and orders served upon it in the State Court action. (A true and correct copy of the complete State Court record, including all process, pleadings, and orders served upon Amazon in the State Court, is attached hereto as **Exhibit D**).

42. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served upon counsel of record.

43. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the clerk of the State Court and served upon counsel of record.

44. Amazon hereby expressly reserves the right to amend or supplement this Notice of Removal. By filing this Notice of Removal, Amazon does not waive any defense that may be available to it and reserves all such defenses. If any question arises as to the propriety of the removal to this Court, Amazon requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.[3]

---

[3] By removing this action to the United States District Court for the Southern District of California, Amazon does not waive its right to assert any defenses or objections, or to move for any relief available under state or federal law. Amazon expressly reserves the right to move for dismissal of

## VII. CONCLUSION

For the foregoing reasons, Defendant Amazon hereby gives notice that the action captioned *Russell Stephen v. Nutra Holdings, Inc., Nutra Holdings Two, Inc., Amazon, Inc., and John Williams*, Case No. 37-2023-00056505-CU-BT-CTL, pending before the Superior Court for the State of California, County of San Diego, is hereby removed to the United States District Court for the Southern District of California.

Dated:  March 21, 2024

K&L GATES LLP

By: s/ Kevin S. Asfour
Kevin S. Asfour

*Attorney for Defendant Amazon.com, Inc.*

---

some or all of Plaintiff's claims, seek dismissal based on lack of personal jurisdiction, improper venue, failure to state a claim, and/or the doctrine of *forum non conveniens*, and/or move to transfer venue or seek any other relief on those or other applicable grounds.